**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

KAREN TOWNSEND, *as the*
*Personal Representative of the*
ESTATE OF FRANCIS TOWNSEND,

      Plaintiff,

v.                                                                                    **CASE NO. _____**

UNITED STATES OF AMERICA,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiff, Karen Townsend, *as the Personal Representative of the Estate of* Francis Townsend (hereinafter "Townsend"), by and through her undersigned legal counsel, and hereby files her Complaint for Damages under the Federal Tort Claims Act against the Defendant, United States of America, states as follows:

## INTRODUCTION

1.      This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Francis Townsend by the Department of Veterans Affairs at the Malcom Randall VA Medical Center.

2.      The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries and wrongful death caused by the Defendant's negligence.

3.      Plaintiff Townsend has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit A*.

4.      This suit has been timely filed, in that Plaintiff Townsend timely served notice of her claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5.      Plaintiff Townsend is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' March 28, 2019 notice of "final denial." *Administrative Tort Claim Denial Letter attached as Exhibit B.*

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff Townsend is, and at all times relevant hereto was, a resident of Marion County, Florida.

7.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 1601 SW Archer Road, Gainesville, Florida 32608.

8.      Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Malcom Randall VA Medical Center are hereinafter collectively referred to as "VA Medical Center."

9.      At all times relevant to this Complaint, the VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries, as providers of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

11.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of Florida.

## FACTUAL ALLEGATIONS

13.     On or about November 24, 2016, Francis Townend was seen by the VA Medical Center and given a CT scan that showed abnormalities in the small bowel (multifocal areas of small bowel and colonic thickening), and was prescribed the drug Remicade at that time for Crohn's disease.

14.     On or about January 14, 2017, Francis Townsend was seen by the VA Medical Center emergency department with complaints of bilateral abdominal pain.

15.     On or about January 18, 2017, Francis Townsend was seen by the VA Medical Center with complaints of a flare-up of Crohn's disease.

16.     On or about January 23, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

17.     On or about February 8, 2017, Francis Townsend was seen by the VA Medical Center gastroenterology department for a follow-up for Crohn's disease. Progress Notes indicate that Mr. Townsend's Crohn's disease involved both the small and large bowel, and that he was receiving Remicade infusions.

18.     On or about March 6, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

19.     On or about April 24, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

20.     On or about June 5, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

21.     On or about July 27, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

22.     On or about August 10, 2017, Francis Townsend was seen by the VA Medical Center, and his medical records indicate that he suffered from Crohn's disease and was on Remicade infusions. It further noted that he had a colonoscopy on June 7, 2017, and that he needed a repeat colonoscopy and/or VCE (Video Camera Endoscopy or Capcam).

23.     On or about September 6, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

24.     On or about October 18, 2017, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

25.     On or about November 21, 2017, Francis Townsend was referred for consideration for the Capcam by the VA Medical Center.

26.     On or about January 26, 2018, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

27.     On or about April 10, 2018, Francis Townsend was administered a Remicade infusion for Crohn's disease by the VA Medical Center.

28.     On or about April 17, 2018, Francis Townsend was seen by the VA Medical Center, and Progress Notes by Dr. Chakraborty and Dr. Gupte indicate that he had a history of Crohn's disease affecting the small and large bowel.

29.     On or about April 17, 2018, Francis Townsend was administered the Capcam (PillCam SB.3) by the VA Medical Center. He was not administered a patency capsule, which should have been administered prior to the Capcam due to his history of Crohn's disease.

30.     On or about April 18, 2018, a registered nurse from the VA Medical Center attempted to contact Francis Townsend via telephone. She did not reach him, and did not leave a voicemail.

31.     On or about April 24, 2018, a second attempt was made by the VA Medical Center to contact Francis Townsend. He was reached, and a follow up appointment was scheduled for May 17, 2018. No mention or inquiry was noted about whether the Capcam had been eliminated or recovered.

32.     On or about May 8, 2018, Francis Townsend was seen by the VA Medical Center emergency department with complaints of severe abdominal pain.

33.     The VA Medical Center discovered that the Capcam had lodged in Francis Townsend's small bowel, perforating his bowel, which caused leakage of intestinal contents into his abdomen.

34.     By the time Francis Townsend arrived at the VA Medical Center emergency

department, he had free air in his abdomen, a large area of dead small and large intestinal tissue,

infection, and ischemia.

35.     The VA Medical Center performed emergency surgery, which included an

exploratory laparotomy via a transverse right-lower-quadrant incision, abdominal washout,

ileocecectomy with complete right hemicolectomy, and a stapled side-to-side functional end-to-

end ileocolostomy with diverting loop ileostomy requiring large sections of dead bowel tissue to

be excised.

36.     Francis Townsend never recovered from this surgery and ultimately died from the

condition on May 27, 2018 after suffering in the hospital since his admittance.

## CAUSES OF ACTION

### NEGLIGENCE

37.     Plaintiff Townsend realleges and reincorporates each and every allegation above

as if fully set forth herein.

38.     The Defendant had a duty to provide ordinary care, and to exercise that standard

and degree of care and skill required of health care providers, consistent with the expertise that

the Defendant presented to the community at large.

39.     The Defendant breached its duty of care to Francis Townsend.

40.     The Defendant breached its duty to Francis Townsend for improperly

administering him a Capcam without first administering a patency capsule, and failing to monitor

the Capcam after ingestion, which resulted in improper treatment and an early and painful death.

41.     As a direct and proximate result of Defendant's negligence, Francis Townsend sustained serious and permanent personal injuries in and about his body, resulting in an early and painful death; he incurred medical expenses, and other damages; he was forced to endure pain, suffering, and mental anguish; he suffered a loss of the enjoyment of life.

42.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

43.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Townsend, does hereby pray that judgement be entered in her favor and against the Defendant as follows:

1)      Pain and suffering, loss of enjoyment of life totaling $5,000,000.00; and wrongful death totaling $5,000,000.00.

2)      Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 2nd day of May, 2019.

Respectfully submitted,

/s/James A. Wardell
JAMES A. WARDELL, ESQUIRE
Florida Bar No.:  0868061
WARDELL LAW FIRM, P.A.
805 W. Azeele Street
Tampa, FL  33606
Telephone:  (813) 387-3333
Facsimile:  (813) 387-3050
jwardell@jawlaw.net
jboykin@jawlaw.net
kdaley@jawlaw.net